Chase Berger, Esq. (24115617)
GHIDOTTI BERGER, LLP
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorneys for Movant,**
Carvana, LLC, its successors and/or assignees

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 21-30214-hcm |
| | § | |
| **Fay Genice Parm,** | § | CHAPTER 13 |
| | § | |
| **DEBTOR,** | § | |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| | § | |
| **MOVANT,** | § | |
| | § | |
| **Fay Genice Parm, and** | § | |
| **Stuart C. Cox, Trustee,** | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**MOTION OF CARVANA, LLC, FOR RELIEF FROM THE AUTOMATIC STAY AGAINST DEBTORS REGARDING PERSONAL PROPERTY 2019 JEEP GRAND CHEROKEE VIN #1C4RJEAGXKC776523 PURSUANT TO 11 U.S.C. § 362**

**This pleading requests relief that may be adverse to your interests.**

**If no timely response is filed within 14 days from the date of service, the relief requested herein may be granted without a hearing being held.**

**A timely filed response is necessary for a hearing to be held.**

## WAIVER OF THIRTY DAY REQUIREMENT

**Movant desires to waive the requirement of a hearing within thirty (30) days under Section 362 and requests a hearing at the next available date.**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Carvana, LLC, its successors and/or assignees ("**Movant**"), by and through the undersigned attorney, and moves this Court for an Order Terminating the Automatic Stay of 11 U.S.C. § 362.

1. This Motion is brought pursuant to 11 U.S.C. § 362(d)(1) in accordance with Rule 4001 of the Bankruptcy Rules.

2. The borrower, **Fay Genice Parm** ("**Borrower**") executed a Contract in favor of Movant in the original principal amount of $29,780.86 ("Contract").  Movant is an entity entitled to enforce the Contract.

3. The debt described by the Contract is secured by the 2019 JEEP GRAND CHEROKEE VIN #1C4RJEAGXKC776523 ("Vehicle") as evidenced by the Lien and Title Information ("Title") naming Movant as the lienholder thereof.

4. Subsequent to the execution of the Contract and Title, Debtor has filed for protection under Chapter 13 of Title 11 of the United States Code on March 18, 2021.

5. Pursuant to Debtor's confirmed Plan, Debtor is required to make payments directly to Movant.  *See* Doc. 14 and Doc. 32.

6. As of October 26, 2021, the outstanding Obligations under the Contract total $30,780.86.

7. As of October 26, 2021, the amount of delinquency owed to Movant was $2,636.00 with the account due for the July 5, 2021 payment and the last payment having been received on July 2, 2021.

8. Movant submits that cause exists to grant relief under 11 U.S.C. § 362(d)(1), which provides that a party may seek relief from stay based upon "cause," including lack of adequate protection.

9. Movant submits that adequate protection in this case requires normal and periodic cash payments to Movant. The Debtor has not made a payment to Movant since July 2, 2021. A continuing failure to maintain required regular payments has been held, in and of itself, to constitute sufficient cause for granting a motion to modify the stay. In re Trident Corp., 19 BR 956,958 (Bankr. E.D. Pa. 1982), aff'd 22 BR 491 (citing In re Hinkle, 14 BR 202, 204 (Bankr. E.D. Pa. 1981); see also In re Jones, 189 BR 13, 15 (Bank. E.D. Okla 1995) (citing Hinkle, 14 BR at 204). In addition, Debtor's failure to make payments is a default under the terms of the confirmed Plan. The Debtor's failure to tender regular ongoing monthly payments is sufficient cause to terminate the automatic stay.

Based on the foregoing, relief from the Automatic Stay should be granted to Movant.

**WHEREFORE, PREMISES CONSIDERED,** Movant, prays for:

1. An Order from this Court, pursuant to 11 U.S.C. § 362(d)(1) and/or 362(d)(2), terminating the automatic stay as to Movant so that Movant may continue all acts necessary to secure possession of the subject Vehicle and sell the Vehicle in a commercially reasonable manner without further Hearing before this Court pursuant to applicable state law;

2. For waiver of Rule 4001(a)(3) to allow Movant to immediately enforce and implement any order granting relief form the automatic stay.

3.  For reasonable attorneys' fees as a secured claim under 11 U.S.C. § 506(b);

4.  For costs incurred or expended in suit herein; and

5.  For such other and further relief as the Court deems just and proper.


Dated: October 28, 2021

Respectfully submitted,

/s/ Chase Berger
Chase Berger, Esq.
State Bar No.: 24115617
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph:  (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com
**COUNSEL FOR MOVANT**

Chase Berger, Esq. (24115617)
GHIDOTTI BERGER, LLP
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph:  (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorneys for Movant,**
Carvana, LLC, its successors and assigns

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## EL PASO DIVISION

| | |
|---|---|
| **IN RE:** § | CASE NO.: 21-30214-hcm |
| § | |
| **Fay Genice Parm,** § | CHAPTER 13 |
| § | |
| **DEBTOR,** § | |
| § | |
| **Carvana, LLC, its successors and assigns,** § | |
| § | |
| **MOVANT,** § | |
| § | |
| **Fay Genice Parm, and** § | |
| **Stuart C. Cox, Trustee,** § | |
| § | |
| **RESPONDENTS.** § | |
| § | |
| § | |
| § | |
| § | |
| § | |
| § | |

**PLEASE BE ADVISED THAT IT IS THE INTENTION OF MOVANT TO OFFER INTO EVIDENCE AT ANY HEARING ON THE MOTION FILED CONCURRENTLY WITH THIS AFFIDAVIT THIS AFFIDAVIT AND PAYMENT HISTORY PURSUANT TO THE FEDERAL RULES OF EVIDENCE, RULE 902(11).  THIS AFFIDVIT AND PAYMENT HISTORY ARE BEING PROVIDED TO YOU IN ADVANCE AS AN ADVERSE PARTY IN ORER TO ALLOW YOU A FAIR OPPORTUNITY TO CHALLENGE SAID RECORDS. YOU ARE HEREBY PLACED ON NTOICE OF THIS INTENTION AS REQURED BY THE FEDERAL RULES OF EVIDENCE, RULE 902(11).**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO.: 21-30214-hcm |
| | § | |
| **Fay Genice Parm,** | § | CHAPTER 13 |
| | § | |
| DEBTOR, | § | |
| | § | |
| | § | |
| | § | |

AFFIDAVIT IN SUPPORT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY

I _Jennifer Cruise_ , being duly sworn, depose and say:

1.     I am employed as a _Senior Manager_ with Carvana, LLC ("Movant") and am authorized to sign this affidavit on behalf of Movant.

2.     In the regular performance of my job functions, I am familiar with and have access to the business records maintained by Movant.  These records, which include date compilations, electronically imaged documents, and others, are made at or near the time of date by, or from information provided by persons with knowledge of the activity and transactions reflected in such records, and are kept in the course of business activity conducted regularly by Movant. It is the regular practice of Movant's business to make and/or maintain these records including the records of any servicers of the loans, including the Subject Loan at issue in this action. Movant relies upon the accuracy of those records in conducting its business, including the Subject Loan at issue in this action.

3.     I regularly verify Movant's records, loan histories, correspondence, and communication histories. This entails reviewing, becoming familiar with, and participating in the review of documents related to loan accounts for Movant's loans.  From my employment for Movant, I am familiar with its business operations and with the services that Movant offers to its customers.

4.      I have personally reviewed Movant's records as they related to the Subject Contract obligation referred to herein, and as to the following facts, I know them to be true of own knowledge or I have gained knowledge of them from my review of Movant's business records. If called upon to testify, I could and would competently testify to the following under oath.

5.      The borrower, **Fay Genice Parm** ("**Borrower**") executed a Contract in favor of Movant in the original principal amount of $29,780.86 ("Contract"). Movant is an entity entitled to enforce the Contract.  A true and correct copy of the Contract is attached as **Exhibit "1"** and is incorporated herein by reference for all purposes.

6.      All obligations (collectively, the "Obligations") of the Debtor under the Contract are secured by a 2019 JEEP GRAND CHEROKEE VIN #1C4RJEAGXKC776523 ("Vehicle") as evidenced by the Lien and Title Information ("Title") naming Movant as the lienholder thereof.  A true and correct copy of the Title is attached hereto as **Exhibit "2".**

7.      Subsequent to the execution of the Contract and Title, Debtor has filed for protection under Chapter 13 of Title 11 of the United States Code on March 18, 2021.

8.      Pursuant to Debtor's confirmed Plan, Debtor is required to make payments directly to Movant.

9.      As of October 26, 2021, the outstanding Obligations under the Contract total $30,780.86.

///

///

///

///

///

///

///

///

///

10.     As of October 26, 2021, the amount of delinquency owed to Movant was $2,636.00 with the account due for the July 5, 2021 payment and the last payment having been received on July 2, 2021.  A true and correct copy of the payment history is attached hereto as **Exhibit "3".**

I solemnly affirm under penalty of perjury and upon personal knowledge that the contents of the foregoing affidavit are true.  EXECUTED on, ___10|28|2021___ .

Further Affiant sayeth not.

_____

Jennifer Cruise (name)

Senior Manager (title)

Carvana, LLC

State of ___Arizona___ )

County of ___Maricopa___ )

Sworn/affirmed to and subscribed before me on this ___27___ day of ___October___, 20 ___2 1___.

Personally known [X] or produced identification [ ].

Type of identification produced _____.

_____

(Signature of Notary Public)

My commission expires ___10/15/22___

Notary seal

# EXHIBIT "1"

 CARVANA

1930 W. Rio Salado Pkwy
Tempe, AZ 85281
Office: 602.852.6604
Fax: 602.667.2581
Email: legal@carvana.com

Date: August 28, 2019

To Whom It May Concern,

This letter shall serve as formal acknowledgement that Bridgecrest is a valid loan servicer for Carvana loans.

If you have any questions, please contact me at the email address or phone number above.

Sincerely,

Name: Paul Breaux

Title: General Counsel, Vice President, and Secretary

DocuSign Envelope ID: ...

This is a copy view of the Authoritative Copy held by the designated custodian.

TX-102 9/15/2016

# Motor Vehicle Retail Installment Contract and Security Agreement

| Seller Name and Address | Buyer(s) Name(s) and Address(es) | Summary | |
|---|---|---|---|
| CARVANA, LLC | Fay Genice Parm | No. ▓▓▓▓▓ | |
| 1123 CANTRELL SANSOM RD | 509 Gentry Way | Date | 02/03/2021 |
| BLUE MOUND TX 76131-1411 | El Paso TX 79928-7217 | | |

| Phone Number | 1-800-333-4554 | Phone Number(s) | ▓▓▓▓▓ |

Purchased for personal, family or household use unless otherwise indicated: ☐ Business, commercial or agricultural purpose Contract.

## Sales Agreement and Promise to Pay

**Purchase on Credit.** The credit price is shown below as the "Total Sale Price." The "Cash Price" is also shown below. By signing this Contract, you choose to purchase on credit the motor vehicle and all other property and services described in this Contract according to the terms of this Contract.

**Promise to Pay.** You promise to pay us the principal amount of $  29,780.86  plus finance charges accruing on the unpaid balance at the rate of  16.466  % per year from the date of this Contract until maturity. After maturity, or after you default and we demand payment, we will charge finance charges on the unpaid balance at  16.466  % per year. You agree to pay this Contract according to the payment schedule and late charge provisions shown in the *Truth-In-Lending Disclosure.* You also agree to pay any additional amounts according to the terms and conditions of this Contract.

We use the True Daily Earnings Method. See the *Additional Terms of the Sales Agreement* section - *How We Figure the Finance Charge* provision for an explanation of this method.

**Down Payment.** You also agree to pay or apply to the Cash Price, on or before the date of this Contract, any cash, rebate and net trade-in value described in the *Itemization of Amount Financed* section.

☐ You agree to make deferred down payments as set forth in your Payment Schedule.

You have thoroughly inspected, accepted, and approved the motor vehicle in all respects. Seller will not make any repairs or additions to the motor vehicle except as noted in the *Description of Property* section.

## Description of Property

| Year | Make | Model | Style | Vehicle Identification Number | Odometer Mileage |
|---|---|---|---|---|---|
| 2019 | Jeep | Grand Cherokee | Sport Utility | 1C4RJEAGXKC776523 | 13495 |

☐ New  ☒ Used  ☐ Demo  Other:  N/A

## Description of Trade-In

| N/A | N/A | N/A | N/A | N/A |
|---|---|---|---|---|

## Truth-In-Lending Disclosure

| Annual Percentage Rate | Finance Charge | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid when you have made all scheduled payments. | The total cost of your purchase on credit, including your down payment of $ 400.00 . |
| 16.466 % | $ 17,289.50 | $ 29,780.86 | $ 47,070.36 | $ 47,470.36 |

**Payment Schedule.** Your payment schedule is:

| No. of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 71 | $ 654.00 | monthly beginning 03/05/21 |
| 1 | $ 636.36 | 02/05/27 |
| N/A | $ N/A | N/A |

**Security.** You are giving us a security interest in the Property purchased.

**Late Charge.** If all or any portion of a payment is not paid within 15 days of its due date, you will be charged a late charge of 5% of the unpaid portion of the payment due.

**Prepayment.** If you pay off all or part of this Contract early, you will not have to pay a penalty.

**Contract Provisions.** You can see the terms of this Contract for any additional information about nonpayment, default, any required repayment before the scheduled date and prepayment refunds.

## Negotiability

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this Contract and retain its right to receive a part of the Finance Charge.*

Retail Installment Contract-TX Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

FP

RSSIMVLFLZTX 9/15/2016
Page 1 of 5

DocuSign Envelope ID: ... This is a copy view of the Authoritative Copy held ...

## Itemization of Amount Financed

1. Cash Price (including any accessories, services and taxes)

   (A) Cash Price of motor vehicle being purchased
   (including sales tax of $ 1,686.88 )   $ 28,676.88

   (B) Cash Price of _____ N/A _____   $ N/A

   (C) Cash Price of _____ N/A _____   $ N/A

   (D) Cash Price of _____ N/A _____   $ N/A

   (E) Cash Price of _____ N/A _____   $ N/A

   Total Cash Price   $ 28,676.88 (1)

2. Downpayment =

   (A) Gross trade-in   $ 0.00

   (B) - payoff by Seller paid to (includes 4.(A)):
   _____ N/A _____   $ 0.00

   (C) = net trade-in (if negative, enter "0" and see Line 4.(A))   $ 0.00

   (D) + cash   $ 400.00

   (E) + Mfrs. Rebate   $ N/A

   (F) + Deferred Downpayment   $ N/A

   (G) + other (describe) _____ N/A _____   $ N/A

   Total downpayment   $ 400.00 (2)

3. Unpaid balance of cash price (1 minus 2)   $ 28,276.88 (3)

4. Other charges including amounts paid to others on your behalf
   (Seller may keep part of these amounts.):

   (A) Net trade-in payoff   $ 0.00

   (B) Cost of physical damage insurance paid to insurance co.   $ N/A

   (C) Cost of optional credit insurance paid to insurance
   company or companies   $ N/A

   Life _____ N/A _____ $ _____ N/A _____

   Disability _____ N/A _____ $ _____ N/A _____

   (D) Other insurance paid to insurance company
   _____ N/A _____   $ N/A

   (E) Debt cancellation agreement fee paid to the Seller   $ N/A

   (F) Official fees paid to government agencies   $ 40.75

   (G) Dealer's inventory tax if not included in cash price   $ 59.73

   (H) Sales tax if not included in cash price   $ N/A

   (I) Other taxes if not included in cash price   $ N/A

   (J) Government license and/or registration fees   $ 50.75

   (K) Government certificate of title fee   $ 13.00

   (L) Government vehicle inspection fees   $ 39.75

   to state $ 13.25

   to inspection station $ 26.50

   (M) Deputy service fee paid to dealer   $ N/A

   (N) **Documentary fee. A documentary fee is**   $ N/A
   **not an official fee. A documentary fee is not required by
   law, but may be charged to buyers for handling
   documents relating to the sale. A documentary fee may
   not exceed a reasonable amount agreed to by the parties.
   This notice is required by law.**

   **Un cargo documental no es un cargo oficial. La ley no
   exige que se imponga un cargo documental. Pero éste
   podría cobrarse a los compradores por el manejo de la
   documentación en relación con la venta. Un cargo
   documental no puede exeder una cantidad razonable
   acordada por las partes. Esta notificación se exige por ley.**

   (O) Other charges (Seller must identify who is paid and describe purpose)

   to Carvana for Vehicle Protection $ 1,300.00

   to N/A for N/A $ N/A

   to N/A for N/A $ N/A

   to N/A for N/A $ N/A

   to N/A for N/A $ N/A

   Total other charges and amounts paid to others on your behalf   $ 1,503.98 (4)

5. **Amount Financed (3 + 4)**   $ 29,780.86 (5)

## Insurance Disclosures and Debt Cancellation Agreement

**Optional Credit Insurance Coverages and Debt Cancellation Agreement.** Credit life, credit disability (accident and health), involuntary unemployment, GAP insurance and Debt Cancellation Agreement are not required to obtain credit and are not a factor in the credit decision. We will not provide them unless you sign and agree to pay the additional premiums or charges. If you want such insurance or Debt Cancellation Agreement, we will obtain it for you (if you qualify for coverage). We are quoting below **only** the insurance coverages and Debt Cancellation Agreement you have chosen to purchase.

**Credit Life Insurance**
☐ Single ☐ Joint ☒ None

Premium $ _____ N/A _____   Term _____ N/A _____

Insured _____ N/A _____

**Credit Disability Insurance**
☐ Single ☐ Joint ☒ None

Premium $ _____ N/A _____   Term _____ N/A _____

Insured _____ N/A _____

**GAP Insurance***
☐ Requested ☒ None

Premium $ _____ N/A _____   Term _____ N/A _____

**Debt Cancellation Agreement****
☐ Requested ☒ None

Charge $ _____ N/A _____   Term _____ N/A _____

**Involuntary Unemployment Insurance**
☐ Single ☐ Joint ☒ None

Premium $ _____ N/A _____   Term _____ N/A _____

Insured _____ N/A _____

Agent/Policy Fee: $ _____ N/A _____

\* If the Vehicle is determined to be a total loss, GAP Insurance will pay the difference between the proceeds of your basic collision policy and the amount you owe on the Vehicle, minus your deductible. See your insurance policy for specific terms and conditions. You can cancel this insurance without charge for 10 days from the date of this Contract.

** WE WILL CANCEL CERTAIN AMOUNTS YOU OWE UNDER THIS CONTRACT IN THE CASE OF A TOTAL LOSS OR THEFT OF THE VEHICLE AS STATED IN THE DEBT CANCELLATION AGREEMENT. See your separate Debt Cancellation Agreement for specific terms and conditions. You can cancel the Debt Cancellation Agreement without charge for a period of 30 days from the date of this Contract or for the period stated in the Debt Cancellation Agreement, whichever period ends later.

Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.

(Contracts with a balloon payment.) Credit Life Insurance is for the scheduled term of this contract. Credit Disability Insurance covers the first _____ N/A _____ payments and does not cover the last scheduled payment.

The premium rates are not fixed or approved by the Texas Insurance Commissioner for: 1) credit life and credit disability insurance with a term greater than 120 months, 2) GAP Insurance, and 3) credit involuntary unemployment insurance. A Debt Cancellation Agreement is not insurance and is regulated by the Office of Consumer Credit Commissioner.

**Your signature below means you want (only) the insurance coverage(s) and Debt Cancellation Agreement protection quoted above for the stated additional charges. If "None" is checked, you have declined the coverages and protections we offered.**

| _____ N/A _____ | _____ N/A _____ |
|---|---|
| By: | DOB |
| _____ N/A _____ | _____ N/A _____ |
| By: | DOB |
| _____ N/A _____ | _____ N/A _____ |
| By: | DOB |

Retail Installment Contract-TX Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

RSSIMVLFLZTX 9/15/2016
Page 2 of 5

DocuSign Envelope ID: ...

This is a copy view of the Authoritative Copy held by the Custodian

**Property Insurance.** You must insure the Property. You shall have the option of furnishing the required insurance either through existing policies of insurance owned or controlled by you or procuring or furnishing the equivalent insurance coverage through any insurance company authorized to transact business in Texas. The maximum deductible is $ ___1000___ . If you get insurance from or through us you will pay $ ___N/A___ for ___N/A___ of coverage.

This premium is calculated as follows:

- ☐ $ ___N/A___ Deductible, Collision Cov.   $ ___N/A___
- ☐ $ ___N/A___ Deductible, Comprehensive   $ ___N/A___
- ☐ Fire-Theft and Combined Additional Cov.   $ ___N/A___
- ☐ _____   $ ___N/A___

**LIABILITY INSURANCE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS IS NOT INCLUDED IN THIS CONTRACT UNLESS CHECKED AND INDICATED.**

☐ If checked, the premium for property insurance is not fixed or approved by the Texas Insurance Commissioner.

If the premium is for a required coverage, you have the option, for a period of 10 days from the date you receive a copy of this Contract, of furnishing that coverage through existing policies of insurance by obtaining like coverage from any insurance company authorized to do business in Texas.

## Additional Protections

**You may buy any of the following voluntary protection plans. They are not required to obtain credit, are not a factor in the credit decision, and are not a factor in the terms of the credit or the related sale of the Vehicle. The voluntary protections will not be provided unless you sign and agree to pay the additional cost.**

Your signature below means that you want the described item and that you have received and reviewed a copy of the contract(s) for the product(s). If no coverage or charge is given for an item, you have declined any such coverage we offered.

☒ **Service Contract**

| Term | 36 | months |
| Price | $ | 1,300.00 |
| Coverage | | Carvana  Vehicle Protection |

☐ ___N/A___

| Term | | N/A |
| Price | $ | N/A |
| Coverage | | N/A |

☐ ___N/A___

| Term | | N/A |
| Price | $ | N/A |
| Coverage | | N/A |

*Fay Parm*

| By: | Fay Genice Parm | 02/03/2021 |
| | | **Date** |

| By: | N/A | 02/03/2021 |
| | | **Date** |

| By: | N/A | N/A |
| | | **Date** |

## Additional Terms of the Sales Agreement

**Definitions.** *"Contract"* refers to this Motor Vehicle Retail Installment Contract and Security Agreement. The pronouns *"you"* and *"your"* refer to each Buyer signing this Contract, and any guarantors, jointly and individually. The pronouns *"we"*, *"us"* and *"our"* refer to the Seller and any entity to which it may transfer this Contract. *"Vehicle"* means each motor vehicle described in the *Description of Property* section. *"Property"* means the Vehicle and all other property described in the *Description of Property* and *Additional Protections* sections.

**General Terms.** The Total Sale Price shown in the *Truth-In-Lending Disclosure* assumes that all payments will be made as scheduled.

We do not intend to charge or collect, and you do not agree to pay, any finance charge or fee that is more than the maximum amount permitted for this sale by state or federal law. If you pay a finance charge or fee that exceeds that maximum amount, we will first apply the excess amount to reduce the principal balance and, when the principal has been paid in full, refund any remaining amount to you.

You understand and agree that some payments to third parties as a part of this Contract may involve money retained by us or paid back to us as commissions or other remuneration. You also agree that the purchase of the Property on credit takes place at the Seller's licensed location identified at the top of page 1 of this Contract.

You agree that the Property will not be used as a dwelling.

**How We Figure the Finance Charge.** The rate of finance Charge is stated earlier in the *Sales Agreement and Promise to Pay* section. This rate may not be the same as the Annual Percentage Rate. We will figure the Finance Charge by applying the true daily earnings method, as defined by the Texas Finance Code. Using this method, the Finance Charge will be figured by applying the daily rate to the unpaid portion of the Amount Financed for the number of days the unpaid portion of the Amount Financed is outstanding. The daily rate is 1/365th of the contract rate. The unpaid principal balance does not include the late charges or returned payment charges, if any.

**How We Apply Payments.** We will apply your payments in the following order: 1. earned but unpaid finance charge; and 2. anything else you owe under this agreement.

**How Late or Early Payments Change What You Must Pay.** We based the Finance Charge, Total of Payments, and Total Sale Price as if all payments were made as scheduled. If you do not timely make all your payments in at least the correct amount, you will have to pay more Finance Charge and your last payment will be more than your final scheduled payment. If you make scheduled payments early, your Finance Charge will be reduced (less). If you make your scheduled payments late, your Finance Charge will increase.

**Prepayment.** You may prepay this Contract in full or in part at any time. Any partial prepayment will not excuse any later scheduled payments.

**Returnd Insurance Premiums and Service Contract Charges.** If we get a refund on insurance or service contracts, or other contracts that you paid under this Contract, you agree that we may subtract it from what you owe. Once all amounts owed under this Contract are paid, any remaining refunds will be paid to you.

**Special Provisions for Balloon Payment Contracts.** If any scheduled payment is more than twice as large as the average of all other regularly scheduled payments, you may refinance that payment when due without a refinancing fee. The terms we offer for that refinance must otherwise be as favorable as the original terms of this Contract. This right does not apply if your payment schedule is adjusted for seasonal or irregular income. You may also pay all you owe and keep the Vehicle.

**Returned Payment Charge.** If you make any payment required by this Contract that is dishonored, you agree to pay a fee of $30.00. We can add this fee to the amount you owe or collect it separately.

**Governing Law and Interpretation.** This Contract is governed by the law of Texas and applicable federal law and regulations.

If any section or provision of this Contract is not enforceable, the other terms will remain part of this Contract. You authorize us to correct any clerical error or omissions in this Contract or in any related document.

**Name and Location.** Your name and address set forth in this Contract are your exact legal name and your principal residence. You will provide us with at least 30 days notice before you change your name or principal residence.

**Telephone Monitoring and Calling.** From time to time you agree we may monitor and record telephone calls made or received by us or our agents regarding your account to assure the quality of our service. In order for us to service the account or to collect any amounts you may owe, and subject to applicable law, you agree that we may from time to time make calls and send text messages to you using prerecorded/artificial voice messages or through the use of an automatic dialing device at any telephone number you provide to us in connection with your account.

Retail Installment Contract-TX Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

*FP*

RSSIMVLFLZTX 9/15/2016
Page 3 of 5

This is a copy view of the Authoritative Copy held

**Default.** You will be in default on this Contract if any one of the following occurs (except as prohibited by law):

◆ You do not pay any amount in full when it is due.

◆ You fail to perform any other obligation that you have undertaken in this Contract.

◆ We, in good faith, believe that you cannot, or will not, pay or perform the obligations you have agreed to in this Contract.

If you default, you agree to pay our reasonable out-of-pocket expenses as allowed by law and as further described in the *Additional Terms of the Sales Agreement* section - *Remedies* provision. You agree to pay our reasonable attorneys' fees after default and referral to an attorney who is not our salaried employee. You also agree to pay court costs and disbursements incurred in collecting amounts owing under this Contract.

If an event of default occurs as to any of you, we may exercise our remedies against any or all of you.

**Remedies.** If you are in default on this Contract, we have all of the remedies provided by law and this Contract. Those remedies include:

◆ We may require you to immediately pay us, subject to any refund required by law, the remaining unpaid balance of the amount financed, finance charges and all other agreed charges.

◆ If a third party takes a lien or claim against or possession of the Property, we may (but are not required to) pay the third party any cost required to free it from all liens or claims. We may immediately demand that you pay us the amount paid to the third party for the Property and you agree to immediately pay us this amount. If you do not pay this amount, we may repossess the Property and add it to the amount you owe. If we do not repossess the Property, we may still demand that you pay us, but we will not add a finance charge on this amount.

◆ We may require you to make the Property available to us at a place we designate that is reasonably convenient to you and us.

◆ We may immediately take possession of the Property by legal process or self-help, but in doing so we may not breach the peace or unlawfully enter onto your premises.

◆ If we take possession of the Property, we will tell you how much you have to pay to get it back. If you do not pay us to get the Property back, we can sell it or take other action allowed by law. Your right to redeem ends when the Property is sold or we have entered into a contract for sale or accepted the collateral as full or partial satisfaction of the Contract.

◆ If you do not redeem the Property, we may then sell it and apply what we receive as provided by law to our reasonable out-of-pocket expenses and then toward what you owe us. Our reasonable out-of-pocket expenses will be those incurred in connection with the repossession or sequestration of the Property or foreclosure of a security interest in the Property, including the costs of storing, reconditioning, and reselling it, subject to the standards of good faith and commercial reasonableness required by law.

◆ Except when prohibited by law, we may sue you for additional amounts if the proceeds of a sale do not pay all of the amounts you owe us.

By choosing any one or more of these remedies, we do not give up our right to later use another remedy. By deciding not to use any remedy, we do not give up our right to consider the event a default if it happens again.

You agree that if any notice is required to be given to you of an intended sale or transfer of the Property, notice is reasonable if mailed to your last known address, as reflected in our records, at least 10 days before the date of the intended sale or transfer (or such other period of time as is required by law).

You agree that we may take possession of personal property left in or on the Property securing this Contract and taken into possession as provided above. We will send you written notice at your last known address within 15 days of our discovery of such personal property. If you fail to claim that property as provided in the notice, we may retain or dispose of that property and disburse the proceeds, according to applicable law.

**Obligations Independent.** Each person who signs this Contract agrees to pay this Contract according to its terms. This means the following:

◆ You must pay this Contract even if someone else has also signed it.

◆ We may release any co-buyer or guarantor and you will still be obligated to pay this Contract.

◆ We may release any security and you will still be obligated to pay this Contract.

◆ If we give up any of our rights, it will not affect your duty to pay this Contract.

◆ If we extend new credit or renew this Contract, it will not affect your duty to pay this Contract.

**Warranty.** Warranty information is provided to you separately.

**Waiver.** To the extent permitted by law, you agree to give up your rights to require us to do certain things. We are not required to: (1) demand payment of amounts due; (2) give notice that amounts due have not been paid, or have not been paid in the appropriate amount, time or manner; or (3) give notice that we intend to make, or are making, this Contract immediately due.

## Security Agreement

**Security.** To secure your payment and performance under the terms of this Contract, you give us a security interest in the Vehicle, all accessions, attachments, accessories, and equipment placed in or on the Vehicle and in all other Property described in the *Description of Property* section and *Additional Protections* section. You also assign to us and give us a security interest in proceeds and premium refunds of any insurance and service contracts purchased with this Contract.

**Duties Toward Property.** By giving us a security interest in the Property, you represent and agree to the following:

◆ You will defend our interests in the Property against claims made by anyone else. You will keep our claim to the Property ahead of the claim of anyone else. You will not do anything to change our interest in the Property.

◆ You will keep the Property in your possession and in good condition and repair. You will use the Property for its intended and lawful purposes.

◆ You agree not to remove the Property from the U.S. without our prior written consent.

◆ You will not attempt to sell the Property, transfer any rights in the Property, or grant another lien on the Property without our prior written consent.

◆ You will pay all taxes and assessments on the Property as they become due.

◆ You will notify us with reasonable promptness of any loss or damage to the Property.

◆ You will provide us reasonable access to the Property for the purpose of inspection. Our entry and inspection must be accomplished lawfully, and without breaching the peace.

**Agreement to Provide Insurance.** You agree to provide property insurance on the Property protecting against loss and physical damage and subject to a maximum deductible amount indicated in the *Insurance Disclosures and Debt Cancellation Agreement* section, or as we will otherwise require. The insurer must be authorized to do business in Texas. You will name us as loss payee on any such policy. Generally, the loss payee is the one to be paid the policy benefits in case of loss or damage to the Property. In the event of loss or damage to the Property, we may require additional security or assurances of payment before we allow insurance proceeds to be used to repair or replace the Property. You agree that if the insurance proceeds do not cover the amounts you still owe us, you will pay the difference. You will keep the insurance in full force and effect until this Contract is paid in full.

If you fail to obtain or maintain this insurance, or name us as loss payee, we may obtain insurance to protect our interest in the Property. This insurance may be written by a company other than one you would choose. It may be written at a rate higher than a rate you could obtain if you purchased the property insurance required by this Contract. We will add the premium for this insurance to the amount you owe us. Any amount we pay will be due immediately. This premium amount will earn finance charges from the date we pay it at the applicable rate described in the *Sales Agreement and Promise to Pay* section until paid in full.

**GAP Liability or Total Loss of the Vehicle.** In the event of theft or damage to the Vehicle that results in a total loss, there may be a gap between the amount due under the terms of the Contract and the proceeds of your insurance settlement and deductibles. You are liable for this difference. You have the option of purchasing GAP Insurance or a Debt Cancellation Agreement to cover the gap liability, subject to any conditions and exclusions in the applicable insurance policy or agreement.

## Notices

**Note.** If the primary use of the Vehicle is non-consumer, this is not a consumer contract, and the following notice does not apply. **NOTICE. ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

Retail Installment Contract-TX Not for use in transactions secured by a dwelling.
Bankers Systems™
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.

RSSIMVLFLZTX 9/15/2016
Page 4 of 5

DocuSign Envelope ID:

This is a copy view of the Authoritative Copy held by the Document Custodian.

Used Car Buyer's Guide. The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

Spanish Translation:

Guia para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

## Third Party Agreement

(This section applies ONLY to a person who will have an ownership interest in the Property but is NOT a Buyer obligated to pay this Contract ("Third Party Owner").)

In this section only, *"you"* means only the person signing this section.

By signing below you agree to give us a security interest in the Property described in the *Description of Property* section. You also agree to the terms of this Contract, including the *Additional Terms of the Sales Agreement* section - *Waiver* provision. However, you will not be liable for the payments required by the Contract, but your interest in the Property may be used to satisfy the Buyer's obligation. You agree that we may renew, extend or change this Contract, or release any party or Property without releasing you from this Contract. We may take these steps without notice or demand upon you.

**You acknowledge receipt of a completed copy of this Contract.**

By: _____   Date _____
   Signature of Third Party Owner (NOT the Buyer)

## Acknowledgment for Electronic Signatures

[X]  **Electronic Signature Acknowledgment.** You agree that: (i) you viewed and read this entire Contract before signing it; (ii) you signed this Contract with one or more electronic signatures; (iii) you intend to enter into this Contract; (iv) your electronic signature has the same effect as your written ink signature; (v) you received a paper copy of this Contract after it was signed; and (vi) the authoritative copy of this Contract will reside in a document management system held by Seller in the ordinary course of business. You understand that Seller may transfer this Contract to another company in electronic form or as a paper version of it — which would then become the authoritative copy. Seller or that other company may enforce this Contract in the electronic form or as a paper version of it. You may enforce the paper version of the Contract copy that you received.

## Signatures

Entire Agreement and Modifications in Writing. Your and our entire agreement is contained in this Contract. There are no unwritten agreements regarding this Contract. Any change to this Contract must be in writing and signed by you and us.

*Fay Parm*                                   02/03/2021
By: _____ Fay Genice Parm _____   Date _____

N/A                                          N/A
By: _____   Date _____

*Tail Parm*                                  02/03/2021
By: _____ CARVANA, LLC _____   Date _____

Notice to the Buyer. Do not sign this Contract before you read it or if it contains any blank spaces. You are entitled to a copy of the Contract you sign. Under the law, you have a right to pay off in advance all that you owe and under certain conditions may save a portion of the Finance Charge. Keep this Contract to protect your legal rights.

BY SIGNING BELOW, YOU AGREE TO THE TERMS OF THIS CONTRACT. YOU HAVE RECEIVED A COMPLETED COPY OF THIS CONTRACT AND HAD A CHANCE TO READ AND REVIEW IT BEFORE YOU SIGNED IT.

Buyer

*Fay Parm*                                   02/03/2021
By: _____ Fay Genice Parm _____   Date _____

N/A                                          N/A
By: _____   Date _____

*Tail Parm*                                  02/03/2021
By: _____ CARVANA, LLC _____   Date _____

Seller

By: _____   Date _____

THIS CONTRACT IS NOT VALID UNTIL YOU AND WE SIGN IT.

OCCC NOTICE. For questions or complaints about this contract, contact _Carvana, LLC_____ (name of creditor) at _1-800-333-4554____ (phone) and _1930 W. Rio Salado Pkwy  Tempe, AZ 85281____ (other contact information). The Office of Consumer Credit Commissioner (OCCC) is a state agency, and it enforces certain laws that apply to this contract. If a complaint or question cannot be resolved by contacting the creditor, consumers can contact the OCCC to file a complaint or ask a general credit-related question. OCCC address: 2601 N. Lamar Blvd., Austin, Texas 78705.
Phone: (800) 538-1579. Fax: (512) 936-7610.
Website: occc.texas.gov.
E-mail: consumer.complaints@occc.texas.gov.

Assignment. This Motor Vehicle Retail Installment Contract and Security Agreement is assigned to
N/A _____

_____ ,
the Assignee, phone _____N/A_____ . This assignment is made under the terms of a separate agreement made between the Seller and Assignee.
☐  This Assignment is made with recourse.

Seller

N/A                                          N/A
By: _____   Date _____

Retail Installment Contract-TX Not for use in transactions secured by a dwelling.
Bankers Systems®
©2017 The Reynolds and Reynolds Company
THERE ARE NO WARRANTIES, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM, CONSULT YOUR OWN LEGAL COUNSEL.

*FP*

RSSIMVLFLZTX 9/15/2016
Page 5 of 5

# EXHIBIT "2"



Collateral Management Services
9750 Goethe Road | Sacramento, CA 95827
www.dealertrack.com

# Carvana LLC

## Lien and Title Information

### Lienholder

| | |
|---|---|
| **ELT Lien ID** | ▉▉▉▉▉ |
| **Lienholder** | CARVANA LLC |
| **Lienholder Address** | PO BOX 29002<br>PHOENIX, AZ 85038 |
| **Lien Release Date** | |

### Vehicle and Titling Information

| | | | |
|---|---|---|---|
| **VIN** | 1C4RJEAGXKC776523 | **Issuance Date** | 3/19/2021 |
| **Title Number** | ▉▉▉▉▉▉ | **Received Date** | 3/19/2021 |
| **Title State** | TX | **ELT/Paper** | ELECTRONIC |
| **Year** | 2019 | **Odometer Reading** | 13516 |
| **Make** | JEEP | **Branding** | |
| **Model** | | | |
| **Owner 1** | FAY GENICE PARM | | |
| **Owner 2** | | | |
| **Owner Address** | 509 GENTRY WAY<br>EL PASO, TX 79928 | | |

**Printed:** Tuesday, March 23, 2021 7:40:31 AM PST

# EXHIBIT "3"

| Transaction Date | Transaction Amount | Transaction Event | Fee Type | Current Due Date | Amount Due | Partial Pay | Remaining Due | Principal | Interest | Late Fee | Per Diem | Days Between Payments | Next Due Date | Principal Outstanding | Receipt Number | Lot Number | Check Number | Posted Date |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/20/2021 | (5.00) | Late Fee Assessment | | 7/5/2021 | 654.00 | 0.00 | 654.00 | 0.00 | 0.00 | (5.00) | 13.08 | | 7/5/2021 | 28,988.71 | 0 | 0 | | 10/20/2021 |
| 9/20/2021 | (5.00) | Late Fee Assessment | | 7/5/2021 | 654.00 | 0.00 | 654.00 | 0.00 | 0.00 | (5.00) | 13.08 | | 7/5/2021 | 28,988.71 | 0 | 0 | | 9/20/2021 |
| 8/20/2021 | (5.00) | Late Fee Assessment | | 7/5/2021 | 654.00 | 0.00 | 654.00 | 0.00 | 0.00 | (5.00) | 13.08 | | 7/5/2021 | 28,988.71 | 0 | 0 | | 8/20/2021 |
| 7/21/2021 | 22.53 | Principal Only Payment--Electronic Payment | | 7/5/2021 | 654.00 | 0.00 | 654.00 | 22.53 | 0.00 | 0.00 | 13.08 | 19 | 7/5/2021 | 28,988.71 | 4834407 | 10590 | 711120 | 7/22/2021 |
| 7/20/2021 | (5.00) | Late Fee Assessment | | 7/5/2021 | 654.00 | 0.00 | 654.00 | 0.00 | 0.00 | (5.00) | 13.09 | | 7/5/2021 | 29,011.24 | 0 | 0 | | 7/20/2021 |
| 7/2/2021 | 653.00 | Normal Payment--ONE TIME ACH PAYMENT | | 6/5/2021 | 654.00 | 0.00 | 654.00 | 0.00 | 648.00 | 5.00 | 13.09 | 59 | 7/5/2021 | 29,011.24 | 31953204 | 10592 | | 7/2/2021 |
| 6/20/2021 | (5.00) | Late Fee Assessment | | 6/5/2021 | 654.00 | 6.00 | 648.00 | 0.00 | 0.00 | (5.00) | 13.09 | | 6/5/2021 | 29,011.24 | 0 | 0 | | 6/20/2021 |
| 5/4/2021 | 3.95 | Fee Payment--PAYMENTUS ONLINE DEBIT CARD | SERVICE FEE | 6/5/2021 | 654.00 | 6.00 | 648.00 | 0.00 | 0.00 | 0.00 | 13.09 | | 6/5/2021 | 29,011.24 | 1165889 | 10596 | | 5/4/2021 |
| 5/4/2021 | 654.00 | Normal Payment--PAYMENTUS ONLINE DEBIT CARD | | 6/5/2021 | 654.00 | 6.00 | 648.00 | 270.91 | 383.09 | 0.00 | 13.09 | 29 | 6/5/2021 | 29,011.24 | 1165889 | 10596 | 682831 | 5/4/2021 |
| 4/5/2021 | 3.95 | Fee Payment--PAYMENTUS AGENT DEBIT CARD | SERVICE FEE | 5/5/2021 | 654.00 | 6.00 | 648.00 | 0.00 | 0.00 | 0.00 | 13.21 | | 5/5/2021 | 29,282.15 | 989264 | 10596 | | 4/5/2021 |
| 4/5/2021 | 654.00 | Normal Payment--PAYMENTUS AGENT DEBIT CARD | | 4/5/2021 | 654.00 | 6.00 | 648.00 | 214.88 | 439.12 | 0.00 | 13.21 | 33 | 5/5/2021 | 29,282.15 | 989264 | 10596 | 672775 | 4/5/2021 |
| 3/3/2021 | 3.95 | Fee Payment--PAYMENTUS ONLINE DEBIT CARD | SERVICE FEE | 4/5/2021 | 654.00 | 6.00 | 648.00 | 0.00 | 0.00 | 0.00 | 13.31 | | 4/5/2021 | 29,497.03 | 770460 | 10596 | | 3/3/2021 |
| 3/3/2021 | 660.00 | Normal Payment--PAYMENTUS ONLINE DEBIT CARD | | 4/5/2021 | 654.00 | 6.00 | 648.00 | 283.83 | 376.17 | 0.00 | 13.31 | | 4/5/2021 | 29,497.03 | 770460 | 10596 | 661050 | 3/3/2021 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.: 21-30214-hcm |
| | § | |
| **Fay Genice Parm,** | § | CHAPTER 13 |
| | § | |
| **DEBTOR,** | § | |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| | § | |
| **MOVANT,** | § | |
| | § | |
| **Fay Genice Parm, and** | § | |
| **Stuart C. Cox, Trustee,** | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## ORDER LIFTING STAY AS TO DEBTOR AND CO-DEBTOR

On this day came on or before the Court the Motion of Carvana, LLC, Movant, for Relief from the Automatic Stay.  The Court is advised that after proper notice and timely service of the Motion, no response has been filed and the Motion should be granted.  Therefore, it is

ORDERED that the stay of 11 U.S.C. §362 is terminated with respect to Movant on the following described property, to wit:

**2019 JEEP GRAND CHEROKEE bearing the VIN: 1C4RJEAGXKC776523 ("Vehicle").**

It is further

ORDERED that the provision of Rule 4001(a)(3), Federal Rules of Bankruptcy Procedure is hereby waived and Carvana, LLC may immediately enforce and implement this Order Lifting Stay.

###End of Order###

APPROVED AS TO FORM AND SUBSTANCE
GHIDOTTI BERGER
/s/ Chase Berger
Chase Berger, Esq.
State Bar No.: 24115617
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph:  (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com
**COUNSEL FOR MOVANT**

Chase Berger, Esq. (24115617)
GHIDOTTI | BERGER
9720 Coit Road Suite 220-228
Plano, Texas 75025
Ph: (305) 501-2808
Fax: (954) 780-5578
bknotifications@ghidottiberger.com

**Attorney for Movant,**
Carvana, LLC, its successors and assigns

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | CASE NO.:  21-30214-hcm |
| | § | |
| **Fay Genice Parm,** | § | CHAPTER 13 |
| | § | |
| **DEBTOR,** | § | **CERTIFICATE OF SERVICE** |
| | § | |
| **Carvana, LLC, its successors and assigns,** | § | |
| | § | |
| **MOVANT,** | § | |
| | § | |
| **Fay Genice Parm, and Stuart C. Cox, Trustee,** | § | |
| | § | |
| **RESPONDENTS.** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**<u>CERTIFICATE OF SERVICE</u>**

1

I am employed in the County of Orange, State of California.  I am over the age of eighteen and not a party to the within action.  My business address is: 1920 Old Tustin Ave., Santa Ana, CA 92705.

I am readily familiar with the business's practice for collection and processing of correspondence for mailing with the United States Postal Service; such correspondence would be deposited with the United States Postal Service the same day of deposit in the ordinary course of business.

On October 28, 2021, I served the following documents described as:

- **MOTION AND NOTICE OF MOTION FOR RELIEF FROM THE AUTOTMATIC STAY**
- **DECLARATION IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
- **EXHIBITS IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY**
- **PROPOSED ORDER GRANTING MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

on the interested parties in this action by  placing a true and correct copy thereof in a sealed envelope addressed as follows:

(Via United States Mail)

| **Debtor**<br>**Fay Genice Parm**<br>509 Gentry Way<br>El Paso, TX 79928 | **Debtor's Counsel**<br>**Miguel Alejandro Flores**<br>Tanzy & Borrego Law Offices<br>2610 Montana<br>El Paso, TX 79903<br><br>**Chapter 13 Trustee**<br>**Stuart C. Cox**<br>El Paso Chapter 13 Trustee<br>1760 N. Lee Trevino Dr.<br>El Paso, TX 79936 |
|---|---|

__xx___(By First  Class Mail) At my business address, I placed such envelope for deposit with the United States Postal Service  by placing them for collection and mailing on that date following ordinary business practices.

_____Via Electronic Mail pursuant to the requirements of the Local Bankruptcy Rules of the Eastern District of California

CERTIFICATE OF SERVICE

___xx___ (Federal) I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 28, 2021, at Santa Ana, California,

*/s / Brandy Carroll*
Brandy Carroll

CERTIFICATE OF SERVICE